IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEXIS C. NORMAN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-586-P |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Alexis C. Norman, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice in part as premature and denied in part.

**I. BACKGROUND**

Petitioner is serving concurrent federal sentences resulting from her criminal convictions in the Dallas division of the United States District Court for the Northern District of Texas, Case Nos. 3:15-CR-00066-B(1) and 3:17-CR-00315-B(1). Resp't's App. 10–11, 17–18, ECF No. 14. In this petition, she raises four grounds for habeas relief involving earned timed credits for evidence-based recidivism reduction programs and productive activities under the First Step Act and one ground involving the calculation of her concurrent sentences by the Bureau of Prisons (BOP). Pet. 6–8, 10, ECF No. 1.

## III. DISCUSSION

### A. The First Step Act of 2018

Under grounds one through four, Petitioner claims that

(1) The First Step Act (FSA) was enacted on December 21, 2018. Congress set forth its clear intention through the plain language of Sections 101 and 102, the amendments relating to the application of earned time credits and the implementation of the system that calculates those credits, shall take effect beginning 210 days from its enactment, which occured [sic] on July 19, 2019. The deadline for the BOP to fully implement the system is January 2022. However the BOP, pursuant to the FSA section 102, is required to calculated [sic] earned time credits during the "phase-in" period.

(2) [She] is eligible for the First Step Act and she has successfully completed 98 evidence based classes and/or productive activities. Pursuant to the First Step Act she has [4457[1]] days of earned time credits that should be credited to her sentence computation.

(3) [She] was determined to be a MINIMUM risk for recidivating according to her PATTERN score. Her PATTERN score has consistently been MINIMUM beginning December 2019, June 2020, and December 2020.

(4) [She] has requested home confinement from the BOP via the CARES Act. The reason for denial given is [she] has not completed 50% of her sentence. [She] meets all remaining criteria to be approved for CARES Act home confinement.

Pet. 6–8, ECF No. 1 (emphasis in original); Pet'r's Reply[2] 2, 9, ECF No. 17. She requests

---

[1]In her petition, Petitioner states that she is entitled to 3840 days of earned time credits under the FSA, but, in her reply brief, she states that she is entitled to 4457 days of earned time credits.

[2]Because Petitioner's reply brief is not paginated, the pagination in the ECF header is used.

2

that the Court "order BOP to immediately calculate the earned time credits that she is entitled to pursuant to the [FSA] and apply those credits to her sentence computation consistent with the FSA." Pet. 8, ECF No. 1. Respondent asserts that the petition should be dismissed because Petitioner is not entitled to the relief she seeks.[3] Resp't's Resp. 5–6, ECF No. 13.

The FSA provides, among other things, for a system allowing eligible prisoners to earn time credits toward time in prerelease custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him/her based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides a two-year phase-in period, or until January 15, 2022, for the BOP to "provide such

---

[3]Apparently, Petitioner exhausted her administrative remedies as to one or more of her claims, and Respondent does not raise the defense. Additional Ex., ECF No. 6.

evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete his/her assigned programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

The majority of courts to interpret the statutory framework have agreed that the BOP is not required to apply earned time credits prior to expiration of the 2-year phase-in period on January 15, 2022. *See Hills v. Carr,* No. 4:21-CV-737-P, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (citing cases). To resolve the issue, a court begins "with the text of the statute." *Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197 (2007). When faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms. *Carcieri v. Salazar,* 555 U.S. 379, 387 (2009).

Section 3621(h)(4) provides, in pertinent part, that during the two-year phase-in period, the BOP "*may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in [18 U.S.C. § 3632(d)]." The language of § 3621(h)(4) indicates that the BOP has discretion, but is not required to, provide the programs and incentives during the phase-in period. 18 U.S.C. § 3621(h)(4). The statute's use of "may" makes the BOP's decision to offer prisoners incentives and awards (including awarding time credits) before January 15, 2022, purely discretionary. Nothing stated in the statutes mandates the BOP to award earned time credits prior to January 15, 2022. Thus, the BOP is not obligated to award time credits to those who successfully complete the assigned programs and activities prior to January 15, 2022.[4] Because the BOP has not completed the

---

[4]Petitioner acknowledges that, while it is permissible for the BOP to award credits during the 2-year phase-in period, it is not mandatory. Pet'r's Reply 6, ECF No. 17. Nevertheless, she argues that the

> BOP's refusal to award [her] with the ETC's she is entitled to, during a Global Pandemic, while she is housed in an overcrowded BOP facility that denies her the basic right to keep herself safe by practicing social distancing, the "cornerstone" in respiratory care required per CDC Guidance, completely disregards the excessive risk to her health and safety and exhibits deliberate indifference.

*Id.* She goes no to describe the conditions at the prison at length and claims that she has been denied compassionate release and "Cares Act Home Confinement." *Id.* at 7–8. Such a claim is a conditions-of-confinement claim and is not cognizable in habeas. Furthermore, the BOP has the exclusive authority to determine where a prisoner is housed; thus, the Court is without authority to order home confinement. 18 U.S.C. § 3621(b); *Cheek v. Warden of Fed. Med. Ctr.,* 835 F. App'x 737, 739 (5th Cir. 2020). Indeed, "[n]o inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek,* 835 F. App'x at 740. "It is not for a court to step in and mandate home confinement for prisoners,

2-year implementation phase, Petitioner's first four claims are premature and not yet ripe. *See, e.g., Llewlyn v. Johns,* No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *R. & R. adopted,* 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) (providing "[b]ecause the First Step Act does not require actual implementation for each inmate until January 2022, the petitioner] is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe."); *Toussaint v. Knight,* No. 6:21-cv-00764-HMH-KFM, 2021 WL 2635887, at *4 (D. S.C. June 4, 2021); *Cohen v. United States,* No. 20-CV-10833 (JGK), 2021 WL 1549917, at *3 (S.D. N.Y. Apr. 20, 2021) (same); *Hand v. Barr,* No. 1:20-cv-00348-SAB-HC, 2021 WL 392445, at *4–5 (E.D. Cal. Feb. 4, 2021) (same); *Herring v. Joseph,* No. 4:20cv249-TKW-HTC, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020) (same). *But see Goodman v. Ortiz,* No. 20-7582, 2020 WL 5015613, at *6 (D. N.J. Aug. 25, 2020) (determining that the prisoner was entitled to immediate earned time credits even though the phase-in period was ongoing).

### B. Sentence Computation

Under her fifth ground, Petitioner claims that the BOP has incorrectly computed her 360-month sentence in Case No. 3:17-CR-00315-B(1) by "using the total aggregate sentence." Pet. 10, ECF No. 1. According to Petitioner,

> this method does not account for the fact that the two sentences, although given at different times, are related and are treated as the same per the Presentencing Report and sentencing transcript.

---

regardless of an international pandemic." *Id.*

*Id.* Petitioner requests that the Court order the BOP to "compute her sentence in accordance with the Court ordered judgment, which requires running the sentence for Case No. 3:17-CR-00315-B concurrent with Case No. 3:15-CR-066-B." *Id.* at 8. Respondent contends that the BOP has calculated Petitioner's aggregate sentence in accordance with federal law and regulations. Resp't's Resp. 2–3, ECF No. 13.

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Further, under 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run

7

consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Respondent provides the declaration of Veronica Hodge, a management analyst for the BOP at the Designation and Sentence Computation Center, explaining the computation of Petitioner's total aggregate sentence under the statute as follows:

> 5. On April 8, 2016, Petitioner was sentenced in the United States District Court for the Northern District of Texas to a 105-month term of imprisonment and 3-year term of supervised release, for Health Care Fraud and Aiding and Abetting, in Case Number 3:15-CR-00066-B(l). One day of jail credit for February 20, 2015, was applied to her federal sentence. After sentencing, Petitioner remained in the custody of the United States Marshals Service.
>
> 6. On March 16, 2019, Petitioner was sentenced in the United States District Court for the Northern District of Texas, to a 360-month term of imprisonment and 3-year term of Supervised release for Conspiracy to Commit Health Care Fraud, Health Care Fraud, Aiding and Abetting Health Care Fraud, and Committing an Offense While on Release (3-counts), and Health Care Fraud and Aiding and Abetting Health Care Fraud, in Case Number 3:17-CR-00315-B(l). At the time of sentencing the Court ordered the sentence to be served concurrently with Case Number 3:15-CR-066-B.
>
> 7. Pursuant to the provisions of Title 18 U.S.C. § 3585(a) and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), a sentence cannot begin to run prior to the date on which it is imposed. Although both terms are running concurrently, each term has a different date of imposition. Because a sentence cannot commence earlier than the date it was imposed, the second term has a full term effective date which is longer than the first sentence, causing a "concurrent overlap".
>
> . . .
>
> 9. The Bureau has prepared a sentence computation for [Petitioner] by aggregating (joining together) the pre-existing 105-month term with the

concurrent 360-month term. A concurrent aggregation of sentences are calculated by first adding the original term to the date the sentence was imposed, to produce a full term release date. Then, the second term is added to the date it was imposed, to produce the full term release date of the second term. The full term date of the first sentence is then subtracted from the full term date of the second term, to produce the "overlap" between the terms. The length of the original sentence is then added to the "overlap" portion, to produce the total aggregate length of the sentences.

10. Specifically, the pre-existing 105-month term (1st Sentence) commenced on the earliest date possible, i.e., April 8, 2016, resulting in a full term release date of January 7, 2025. The 360-month concurrent term (2nd Sentence) commenced on the earliest date possible, i.e., May 16, 2019, resulting in a full term release date of May 15, 2049. Sentence #2 overlaps the pre-existing 105-month term by 24-years, 4-months and 8 days. When the 24-years, 4-months and 8-days concurrent overlap is added to the pre-existing 105-month (8-year 9-month) aggregate term, as required by Title 18 U.S.C. § 3584(c), the result is a 33-year, 1-month, and 8-day overall aggregate term. The aggregate term has been computed to commence on April 8, 2016, with prior custody credit in the amount of 1-day for time spent in custody on February 20, 2015. [Petitioner] has a projected release date of June 22, 2044, via Good Conduct Time (GCT) release.

11. Here is the calculation of the sentence by the BOP:

*Proof of Expiration of Full Term date (EFT) of Undischarged 105-month sentence*

Calculation of Single, Aggregate Term:

    2049-05-15 (EFT of 360-month Concurrent Sentence)
  -<u>2025-01-07</u> (EFT of 105-month Concurrent Sentence)
    24-04-08 (Overlap of 24-years, 4-month & 8-days)
   <u>+08-09-00</u> (105-month term converted into years/1st sentence)
    33-01-08

*Proof:

9

        2016-04-08  (Date 1st sentence began)
        +  33-01-08  (Length of Single Aggregate Term)
        2049-05-15* (EFT of 360-month Concurrent Sentence)

    *signifies 1-day backup to include the date the 1st sentence began in calculation.

Resp't's App. 2, ECF No. 14 (record citations omitted).

    The BOP was required to aggregate Petitioner's multiple sentences under § 3584(c) and correctly computed her sentence in compliance with BOP policy.[5] "Concurrent" does not mean that the two sentences would have "the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980). Thus, concurrent federal sentences do not operate in a retroactively concurrent manner. That is, a concurrent federal sentence does not commence before it was imposed, but rather it commences when it was imposed and runs alongside the undischarged remainder of the sentence to which it was ordered to run concurrently.[6] Petitioner has failed to meet her

---

    [5]The procedure for aggregating federal sentences is set forth in BOP Program Statement 5880.28. The BOP's program statements are available on the Internet at U.S. Dep't of Justice, Fed. Bur. of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), http://www.bop.gov/resources.

    [6]Nor is Petitioner entitled to credit for time spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* in Case No. 3:17-CR-00315-B(1), or so-called "*Willis* time," because it was not time spent in nonfederal presentence custody. Pet'r's Reply 10–11, ECF No. 17. Petitioner asserts that she was housed at the Mansfield Law Enforcement Center from July 11, 2017, through May 31, 2019, pursuant to the writ of habeas corpus *ad prosequendum* in Case No. 3:17-CR-00315-B(1)*,* however a federal prisoner housed in a designated state facility remains in federal custody. *See United States v. Brown,* 875 F.3d 1235, 1239 (9th Cir. 2017). Furthermore, pursuant to the clear terms of

burden of showing an error in her sentence calculation and, therefore, this claim must fail.

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice as to grounds one through four as premature and **DENIED** as to ground five.

**SO ORDERED** on this **2nd day** of **November, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

18 U.S.C. § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence. Petitioner already received credit towards her first sentence for the time she served during that time. She had been credited with that time when the BOP aggregated the remainder of her first sentence with the concurrent portion of her second sentence, and counting it twice would have amounted to double crediting. *See United States v. Wilson,* 503 U.S. 329, 337 (1992); *Canword v. Pastrana,* 352 F. App'x 292, 2009 WL 3748193, at *1 (11th Cir. Nov. 10, 2009).